IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ATHENA VOJTECKY, Administratrix of )
the estate of JOHN L. VOJTECKY, )
deceased, and ATHENA VOJTECKY, in )
her own right, )
          Plaintiff, )
 )
      vs )    Civil Action No. 12-388
 )
THE UNITED STATES OF AMERICA, )
          Defendant. )

MEMORANDUM  OPINION  AND  ORDER

MITCHELL, Magistrate Judge:

Presently before the Court is the defendant's motion to strike the plaintiff's demand for a jury trial.   For reasons discussed below, the defendant's unopposed motion to strike the plaintiff's jury demand (Document No. 12) will be granted.

The plaintiff, Athena Vojtecky, individually and in her capacity as administratrix of the estate of John L. Vojtecky, deceased, commenced this action against the defendant, United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.  The plaintiff complains that employees of the defendant were negligent in rendering medical care to the decedent prior to his death, for which she seeks money damages under the Wrongful Death Act and Survival Act.  In her complaint, the plaintiff has demanded a jury trial.  The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1346(b).

As to the plaintiff's jury demand, it is clear that "the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government."  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  Thus, in a suit against the federal government, a plaintiff has a right to a jury

1

trial "only where Congress has affirmatively and unambiguously granted that right by statute." Id. at 168.

The defendant has moved to strike the plaintiff's jury demand, arguing that pursuant to 28 U.S.C. § 2402, the plaintiff's claim under the FTCA cannot be tried by a jury. We agree.

In relevant part, 28 U.S.C. § 2402 provides: "[A]ny action against the United States under section 1346 shall be tried by the court without a jury". By virtue of 28 U.S.C. § 2402, "a plaintiff cannot opt for a jury in an FTCA action". Carlson v. Green, 446 U.S. 14, 22 (1980). Also see, Fulton v. U.S., 198 Fed.Appx. 210, 214 (3d Cir. 2006) ("Under 28 U.S.C. § 2402, a FTCA complainant is not entitled to a jury trial."), citing O'Neill v. United States, 411 F.2d 19, 141 (3d Cir. 1969); accord, Fitzmaurice v. U.S., 2012 WL 3027784, *3 (M.D.Pa., July 24, 2012).

By Order dated July 31, 2012, we directed the plaintiff to file an appropriate response in opposition to the defendant's motion to strike jury demand by August 20, 2012 (Doc. No. 17). Presumably, in light of the above-cited statute and case law, the plaintiff did not file a response opposing the defendant's motion to strike jury demand. Thus, for the foregoing reasons, we will grant the defendant's motion to strike jury demand.

An appropriate Order will be entered.

<u>O R D E R</u>

AND NOW, this 30th day of August, 2012, for the reasons set forth in the Court's Memorandum Opinion filed this date,

IT IS ORDERED that the defendant's unopposed motion to strike jury demand (Document No. 12) is granted.

<u>s/ROBERT C. MITCHELL</u>
United States Magistrate Judge