IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ATHENA VOJTECKY, Administratrix of )
the estate of JOHN L. VOJTECKY, )
deceased, and ATHENA VOJTECKY, in )
her own right, )
      Plaintiff, )
)
vs ) Civil Action No. 12-388
)
THE UNITED STATES OF AMERICA, )
      Defendant. )

MEMORANDUM OPINION AND ORDER

MITCHELL, Magistrate Judge:

Presently before the Court is the defendant's motion to dismiss the complaint. For reasons discussed below, the defendant's motion to dismiss (Document No. 14) will be denied.

The plaintiff, Athena Vojtecky, individually and in her capacity as administratrix of the estate of John L. Vojtecky, deceased, commenced this action against the defendant, United States of America ("USA"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The plaintiff was the wife of decedent John L. Vojtecky. She complains that USA employees at the Veterans' Affairs Medical Center in Pittsburgh, PA ("VAMC") were negligent in rendering medical care to the decedent prior to his death, for which she seeks money damages for herself and two daughters under Pennsylvania's Wrongful Death Act and Survival Act.

The plaintiff contends that on or about May 22, 2008, her decedent was treated at the VAMC for a L3-5 laminectomy with a dural repair (complaint at ¶ 6); that post-operatively, he became agitated, required sedation and was given Fentanyl, Ativan and Morphine as prescribed by Dr. Juan Zubieta (Id. at ¶ 7); and that according to Dr. Zubieta's dictated summary: "the doses

1

of narcotics were increased until he reached a point of comfort in which he was experiencing neither psychological nor physical signs of withdrawal, however the dose of narcotics required to control his withdrawal was too high for him to be protecting his airway." (Id. at ¶ 8).

The plaintiff asserts that on May 24, 2008, Mr. Vojtecky required intubation; and a chest x-ray showed severe bilateral pulmonary infiltrates (Id. at ¶ 9). Clinically, he was severely hypoxemic and hypercapnic, with severe hemodynamic instability secondary to distributive shock (Id.). On June 10, 2008, Mr. Vojtecky required a tracheostomy (Id. at ¶ 10). He developed ascites, acute renal failure requiring hemodialysis, spinal wound infection which required debridement, critical illness polyneuropathy and quadraparesis, anemia, thrombocytopenia, severe infections and coagulopathy from which he would not recover. He died on July 15, 2008 (Id.).

According to the plaintiff, her decedent's aspiration, pneumonia, sepsis, multisystem organ failures and death were the direct and proximate result of the negligence of the USA's employees, for which she seeks monetary damages (Id. at ¶¶ 11, 13-15). The Court's jurisdiction is invoked pursuant to the FTCA.

The FTCA vests exclusive jurisdiction in district courts for claims against the USA for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1). Importantly, the USA is not liable under the FTCA unless the alleged tortfeasor is an employee of the government. Moreno v. U.S., 387 Fed.Appx. 159, 160, 2010 WL 2764111, *1 (3d Cir., July 14, 2010), citing 28 U.S.C. §§ 1346(b), 2671.

As used in the FTCA, the terms "Federal agency" and "Employee of the government" do not include any contractor with the United States.  See, 28 U.S.C. § 2671, and Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997).  "Thus, suits against independent contractors are not viable" under the FTCA.  Moreno, 387 Fed.Appx. at 160, citing U.S. v. Orleans, 425 U.S. 807, 813-14 (1976), and Norman, 111 F.3d at 357 ("there is an independent-contractor exemption in the [FTCA].").

The USA has moved to dismiss the complaint pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6).  In its Rule 12(b)(1) motion to dismiss, the USA argues it is immune from suit by virtue of the "independent contractor" exemption in the FTCA, as certain physicians who provided care to Mr.Vojtecky were independent contractors and not its employees, such that the Court lacks subject matter jurisdiction over this action.

A Rule 12(b)(1) motion to dismiss "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000).  In reviewing a "facial attack", which is based on the legal sufficiency of the claim, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff."  Id.  Conversely, in reviewing a "factual attack", as here, where a challenge is based on the sufficiency of jurisdictional fact, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case."  See, Carpet Group Int. v. Oriental Rug Importers, 227 F.3d 62, 69 (3d Cir. 2000).  In such a scenario, "the court may consider evidence outside the pleadings", Gould Electronics, 220 F.3d at 176, as "no presumptive truthfulness attaches to plaintiff's allegations".  Carpet Group, 227 F.3d at 69.

In support of its Rule 12(b)(1) motion to dismiss, the USA asserts that thirteen of the physicians who provided medical care to Mr. Vojtecky during the relevant time period were not

3

employees of the VAMC; rather, they provided care to VA patients, including Mr. Vojtecky, pursuant to contracts between the VA and several physicians' groups as follows:

> * the VA contracted with University of Pittsburgh Physicians ("UPP") to provide Critical Care Medicine Physician services, pursuant to Contract Number V244P-00874;
>
> * the VA contracted with the UPP Department of Neurological Surgery to provide neurological services, pursuant to Contract Number V244P-01045;
>
> * the VA contracted with UPP to provide Thoracic Surgeon services, pursuant to Contract Number V244P-01150;
>
> * the VA contracted with the UPP Department of Plastic Surgery to provide Plastic Surgery services, pursuant to Contract Number V244P-01047; and
>
> * the VA contracted with the UPP Department of Anesthesiology pursuant to Contract Number VA244P-0083, and with Medical Doctor Associates pursuant to Contract Number V797P4318A to provide Anesthesia services.

See, USA's brief in support of its motion to dismiss at pp. 5-8 (with footnotes and citations to exhibits omitted).[1]

The USA avers that the physicians who provided care to Mr. Vojtecky pursuant to the aforesaid contracts were independent contractors as detailed in the parties' contracts, not employees of the USA. Hence, it argues that the plaintiff's claims must be dismissed to the extent that they arise from care provided by these physicians.

In Norman, supra, our Court of Appeals stated: "The critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power 'to control the detailed physical performance of the contractor.'" 111 F.3d at 357, quoting Orleans, 425 U.S. at 814. The issue "'is not whether the contractor receives federal money and must comply with federal standards and regulations, but whether [his] day-to-day operations are supervised by the Federal Government.'" Id.

---

[1] In its brief, the USA lists the specific physicians who provided care to Mr. Vojtecky pursuant to the aforesaid contracts and sets forth relevant provisions of the contracts.

The plaintiff insists that the independent contractor defense is not applicable here. In opposing the USA's motion to dismiss, the plaintiff avers that the physicians named by the USA and their referenced contracts have no relevance to her allegations of negligence which arise from nursing care provided at the VAMC. As the plaintiff explains:

> These doctors may be independent contractors, and the … USA may not be legally responsible for their actions, however, their actions are not at issue. Presumably, the [VAMC] and the United States Government employ[ ] the nursing staff and other hospital personnel who may have been involved in the administration of narcotics and responsible for the monitoring of Mr. Vojtecky's airway. The deviations in the nursing care ([provided by] employees of the Government) which led to Mr. Vojtecky's death is supported by two very well qualified experts, Dr. Paul Genecin from Yale University and Diane Pantuso, R.N., BSN [who issued letter/reports to plaintiff's counsel].[2]

The complaint sets forth numerous allegations of negligent acts asserted against the USA which are said to have resulted in Mr. Vojtecky's injuries and death (complaint at ¶ 13). Several of these alleged acts of negligence attributed to the USA are discussed in the aforesaid letter/reports issued by Dr. Paul Genecin and Diane Pantuso, RN, BSN.

For instance, in a letter/report dated August 1, 2012, Dr. Paul Genecin states:

> The VAMC nurses did not provide documentation of the series of events beginning with delirium and ending with narcotic overdose, aspiration and respiratory failure. The nurses caring for Mr. Vojtecky also deviated from the standard of care in providing large doses of narcotics as well as lorazepam without taking precautions to monitor Mr. Vojtecky's clinical status and safeguard his ability to protect his airway and ventilate. Nursing negligence was a substantial contributing factor to Mr. Vojtecky's respiratory depression, aspiration pneumonia and respiratory distress requiring endotracheal intubation shortly before noon on May 24, 2008…
>
> … If the nurses had adhered to the standard of care in assessing, monitoring, notifying physicians, and assuring a protected airway of this patient, with reasonable medical certainty he would not have succumbed to this avoidable sequence of complications following an elective surgical procedure.[3]

---

[2] See, plaintiff's response in opposition to the USA's motion to dismiss (Doc. 18) at p. 3.

[3] See, plaintiff's Exhibit 1 (attached to her response in opposition to the motion to dismiss) at pp. 3-4.

5

In her letter/report dated August 13, 2012, Diane Pantuso, RN, BSN states in summation:

> … [I]t is with a high degree of nursing certainty on which I base my opinion that John Vojtecky received substandard nursing care. Clearly, the decisions made by the nurses and staff entrusted to providing Mr. Vojtecky care were below an acceptable standard and resulted in an alteration in neurological status, inability to protect his airway, aspiration, pneumonia, sepsis and eventually his death.[4]

The plaintiff asserts that the Rule 12(b)(1) motion to dismiss is premature, as no discovery has been conducted, and employees of the VAMC who may bear responsibility for Mr. Vojtecky's death have not been identified. We agree. Based on the foregoing, the USA's motion to dismiss for lack of subject matter jurisdiction will be denied.

The USA also moves to dismiss the complaint pursuant to Rule 12(b)(6) on grounds that the plaintiff failed to file a timely Certificate of Merit as required by Pennsylvania Rule of Civil Procedure 1042.3, such that the complaint fails to state a viable claim. We disagree that the complaint should be dismissed.

The plaintiff filed her complaint on March 28, 2012, asserting a professional liability claim against the USA. On July 24, 2012, the plaintiff filed a Certificate of Merit ("COM") as to her claim (Doc. 10). On July 30, 2012, the USA moved to dismiss the complaint and submitted its supporting brief (Doc's. 14-15).

Under Pennsylvania Rule 1042.3(a), a plaintiff is required to file a COM within 60 days after filing a professional negligence complaint. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 (3d Cir. 2011). Importantly, "Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law … and must be applied as such by federal courts." Id. at 265.[5]

---

[4] See, plaintiff's Exhibit 2 (attached to her response in opposition to the motion to dismiss) at last page.

[5] In Liggon-Redding, supra, the Court explained: "Pa.R.Civ.P. 1042.3 was created to ensure that professional

As noted above, the plaintiff did not submit a COM within 60 days of filing her complaint. However, a plaintiff's failure to file a COM within 60 days of a malpractice complaint is not, by itself, fatal to her suit. Cuevas v. U.S., 422 Fed.Appx. 142, 145 (3d Cir. 2011). That is especially true in cases as here, where a COM is filed prior to a defendant's motion to dismiss for failure to submit a COM. See Cuevas, supra, where our Court of Appeals stated:

> [F]ailure to timely file the COM has no automatic effect; only upon a defendant's proper motion [or praecipe for entry of judgment non pros] may the court take action. Pa.R.Civ.P. 1042.7(a). Even an untimely COM can suffice to prevent this entry of judgment if filed *prior* to the defendant's motion.

422 Fed.Appx. at 145 (emphasis in original), citing Pa.R.Civ.P. 1042.7(a)(2).[6]

By virtue of Pa.R.Civ.P. 1042.7(a)(2), a judgment against the plaintiff cannot be entered if the COM was filed before the defendant submitted a motion to dismiss (in a federal court suit), or a praecipe for the entry of judgment of non pros (in a state court suit). Vochinsky v. GEO Group, 2009 WL 4017254, *2 (E.D.Pa., Nov. 20, 2009), citing Stroud v. Abington Memorial Hosp., 546 F.Supp.2d 238, 250 (E.D.Pa. 2008), and Moore v. Luchsinger, 862 A.2d 631, 632-33 (Pa.Super 2004). Here, the USA does not dispute that the plaintiff submitted a COM before it filed its current motion to dismiss. Therefore, the USA's motion to dismiss for failure to state a claim will be denied.

An appropriate Order will be entered.

---

negligence claims are meritorious, and the [COM] requirement prevents needless waste of judicial time and resources which would otherwise be spent on non-meritorious claims." 659 F.3d at 262-63.

[6] Pa.R.Civ.P. 1042.7(a)(2) provides in pertinent part: "(a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a [COM] within the required time provided that… (2) no [COM] has been filed."

7

O R D E R

AND NOW, this 27th day of September, 2012, for the reasons set forth in the Court's Memorandum Opinion filed this date,

IT IS ORDERED that the defendant's motion to dismiss the complaint (Document No. 14) is denied.

s/ROBERT C. MITCHELL<br>
United States Magistrate Judge